IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2,<br><br>    Plaintiff,<br> v.<br><br>WAUKESHA, LLC, a Michigan limited liability company,<br><br>    Defendant. | NO. |

**COMPLAINT TO FORECLOSE MORTGAGE
AND FOR OTHER RELIEF**

Wells Fargo Bank, National Association, as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2, by and through C-III Asset Management LLC, special servicer for Plaintiff ("C-III"), and through its undersigned counsel, and for its Complaint against Waukesha, LLC, states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Wells Fargo Bank, National Association, as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2 ("Plaintiff") brings this action as assignee under the Mortgage and as holder of the Note and the Financing Statements (all as hereinafter described).

2. The Trust has the citizenship of its Trustee. The Trustee is a national banking association, and its main office as designated in its articles of organization is in Sioux Falls, South Dakota, so Plaintiff is a citizen of South Dakota.

3. Defendant Waukesha, LLC ("Borrower") is a Michigan limited liability company, whose members are: (a) Lorey M. Baldwin, on information and belief a citizen of California; (b) Deborah L. Hill, on information and belief a citizen of Michigan; (c) the Irwin Obstgarten Trust, whose Trustee, Irwin Obstgarten, on information and belief is a citizen of Michigan; (d) Patty J. Raphaelson, on information and belief a citizen of California; (e) the Gary K. Ravet Children's Trust, whose Trustee, Gary K. Ravet, on information and belief is a citizen of California; (f) the Marvin Rubin Revocable Trust, u/a/d 6/23/98, whose Trustee, Marvin Rubin, on information and belief is a citizen of California; (g) the Leo P. Sklar Capital Management Trust, U/A/D October 17, 1995, as amended, whose Trustee, Leo P. Sklar, on information and belief is a citizen of Michigan; and (h) the Harvey Wolf Capital Management Trust Dated The 6th of May, 1996, For The Benefit of Harvey Wolf, Donor, whose Trustee, Harvey Wolf, on information and belief is a citizen of California.

4. Borrower executed the Loan Documents, is the borrower under the Loan, and is mortgagor of the Property (all as hereinafter described). Borrower's address is 28777 Telegraph Road, Suite 2100, Southfield, Michigan 48034, Attention: Leo Sklar or 6400 Farmington Road #220, West Bloomfield, Michigan 48322. Borrower's registered agent is Richard R. Kobriger, 1601 E. Racine Ave., Suite 200, P.O. Box 558, Waukesha, Wisconsin 53187-0558.

5. C-III, Special Servicer for Plaintiff for the loan at issue, has the power and authority to administer the loan for Plaintiff and to enforce the terms of the Loan Documents (as hereinafter described).

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the Plaintiff and Borrower are citizens of different States.

7. Venue is proper in the Circuit Court of Waukesha County under 28 U.S.C. § 1391(a)(2) because the real and personal property that is the subject of this action is located in this district.

**GENERAL ALLEGATIONS**

8. Plaintiff files this Complaint to foreclose that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 18, 2001, executed by Borrower in favor of Bank of America, N.A. ("Original Mortgagee") and recorded on June 18, 2001 in the official records of the Waukesha County, Wisconsin Register of Deeds Office (the "Official Records") as Document Number 2666407 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto as Exhibit A and is incorporated herein and made a part of this Complaint by express reference.

9. The Mortgage secures a loan, made for valuable consideration, in the original principal amount of $ 8,640,000.00 from Original Mortgagee to Borrower (the "Loan"), as evidenced by, among other things, that certain Promissory Note dated June 18, 2001 and executed by Borrower in favor of Original Mortgagee in the original principal amount of $8,640,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit B and is incorporated herein and made a part of this Complaint by express reference.

10. The Loan is further evidenced by that certain Loan Agreement "the "Loan Agreement") dated as of June 18, 2001, executed by Borrower in favor of Original Mortgagee. A true and correct copy of the Loan Agreement is attached hereto as Exhibit C and is incorporated herein and made a part of this Complaint by express reference.

11. Original Mortgagee filed that certain UCC Financing Statement in the Official Records on June 18, 2001 as Document Number 00784753, with the Wisconsin Department of

Financial Institutions on October 25, 2001 as Document No. 010007179226, and with the Michigan Secretary of State on September 10, 2001 as Document No. 815892 (the "Financing Statements"), which Financing Statements have been amended and/or continued from time to time. True and correct copies of the Financing Statements and the amendments and/or continuations thereto are attached hereto as Exhibit D and are incorporated herein and made a part of this Complaint by express reference.

12. The Mortgage, the Note, the Loan Agreement, the Financing Statements, and all other documents evidencing, securing or relating to the Loan are sometimes referred to as the "Loan Documents."

13. Original Mortgagee endorsed the Note to LaSalle Bank National Association, as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2 ("Trustee") via that certain Allonge (the "First Allonge"). A true and correct copy of the First Allonge is attached hereto as Exhibit E and is incorporated herein and made a part of this Complaint by express reference.

14. Original Mortgagee assigned the Mortgage to the Trust via that certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated July 19, 2002 and recorded in the Official Records on November 18, 2002 as Document Number 2880258 (the "First Assignment of Mortgage"). A true and correct copy of the First Assignment of Mortgage is attached hereto as Exhibit F and is incorporated herein and made a part of the Complaint by express reference.

15. The Trust endorsed the Note to Plaintiff via that certain Allonge (the "Second Allonge"). A true and correct copy of the Second Allonge is attached hereto as Exhibit G and is incorporated herein and made a part of this Complaint by express reference.

16. The Trust assigned the Mortgage to Plaintiff via that certain Assignment of Deed of Trust [sic], Assignment of Leases and Rents, Security Agreement and Fixture Filing, effective as of October 1, 2007 and recorded in the Official Records on January 10, 2008 as Document Number 3537524 (the "Second Assignment of Mortgage").  A true and correct copy of the Second Assignment of Mortgage is attached hereto as Exhibit H and is incorporated herein and made a part of the Complaint by express reference.

17. Plaintiff brings this action as mortgagee, legal holder of the Note and assignee of Original Mortgagee and Trustee.

18. The interest subject to the Mortgage is a fee simple estate.

19. The legal description of the mortgaged real property (the "Real Property") is as follows:

> Parcel A:
>
> Parcel 1 of Certified Survey Map No. 9186, Recorded on June 8, 2001, in Volume 83 of Certified Survey Maps, on Pages 100-104, as Document No. 2663967, being a part of the Northeast 1/4 of the Northwest 1/4 of Section 1, Town 6 North, Range 19 East, in the City of Waukesha, County of Waukesha, State of Wisconsin.
>
> Parcel B:
>
> A non-exclusive easement for pedestrian and vehicular ingress and egress for the benefit of Parcel A, as set forth in Cross Access Easement Agreement Recorded November 5, 1998, as document No. 2383723.
>
> Part of Tax Key No. WAKC 1298.990.0001
>
> ADDRESS: 925 S.T.H. "164"

The Real Property, together with certain personal property located thereon, is sometimes referred to as the "Property."

20. The Property is improved with a commercial shopping center.

21. At the time of the filing of this Complaint, the Borrower is the present owner of the indicated interests in and to the Property.

22. The Mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the Property, which lien is prior and superior to the right, title, interest, claim or lien of all parties whose interests in the Property are sought to be terminated.

23. Borrower has failed to pay the outstanding principal and interest to Plaintiff due upon maturity of the Loan on July 1, 2011.

24. Borrower's failure to pay amounts due under the Loan constitutes an Event of Default under the Note and other Loan Documents. *See* Exhibit B at page 1; Exhibit C § 7.1(a).

25. On July 15, 2011, Plaintiff, through counsel, wrote a letter to Borrower providing formal notice of the maturity of the Loan and demand for immediate payment of all outstanding amounts (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit I and is incorporated herein and made a part of this Complaint by express reference.

26. As of August 1, 2011, the amounts due and owing from Borrower to Plaintiff, in addition to the prepayment fee, other advances, attorneys' fees and other costs and expenses, and less credits for any escrows, reserves, impounds or funds in suspense, included the following:

| | |
|---|---:|
| Unpaid Principal Balance: | $7,654,553.07 |
| Accrued Interest: | $50,160.70 |
| Default Interest: | $26,371.21 |
| Late Fees: | $2,442.57 |
| Administrative Fees: | $493.28 |
| **Total:** | **$7,734,019.83** |

27. Pursuant to the Note, the note rate for interest accruing on the indebtedness secured by the Mortgage is 7.61% per annum, based on a 360-day year, based on the outstanding principal balance. The default rate for interest accruing after a maturity default is an additional 4.00% per annum.

## COUNT I: FORECLOSURE OF MORTGAGE

28. Plaintiff realleges paragraphs 1 through 27 above as though fully set forth and incorporated herein as this paragraph 28.

29. Because an Event of Default has occurred under the Loan Documents, Plaintiff is entitled to foreclose on the Real Property. *See* Exhibit A ¶ 2.

30. Borrower has waived trial by jury. *See* Exhibit A ¶ 14; Exhibit B ¶ 20; Exhibit C § 9.13.

31. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

32. Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

33. Borrower has consented to possession and to the appointment of a receiver pursuant to the Loan Documents. *See* Exhibit A ¶¶ 3, 5. Facts in support of a request for appointment of receiver may be set forth in a separate motion and Plaintiff prays that the court retain jurisdiction for the purpose of hearing such a motion.

34. Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise Plaintiff in connection with the foreclosure of the Mortgage and Plaintiff will thereby become liable for the usual, reasonable and customary fees of the attorneys in that behalf.

35. Plaintiff has been compelled to advance or will be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees,

stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, foreclosure minutes and a title insurance policy.

36. The Mortgage and other Loan Documents provide for payment of attorneys' fees, costs and expenses, as well as interest on its attorneys' fees, costs and expenses paid or incurred by Plaintiff in the event of a default and such default has occurred. *See* Exhibit A ¶ 2; Exhibit B ¶ 10; Exhibit C § 5.1(c).

WHEREFORE, Plaintiff requests:

(i) A judgment of foreclosure and sale, including the following provisions:

(a) an award of the amounts due and owing by Borrower to Plaintiff, including attorneys' fees, costs and expenses;

(b) that the Real Property be sold as directed by the Court, to satisfy the amount due to Plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment;

(c) that in the event Plaintiff is a purchaser of the Real Property at such sale, Plaintiff may offset against the purchase price of the Real Property the amounts due under the judgment of foreclosure and order confirming the sale;

(d) that in the event of such sale and the failure of any person entitled thereto to redeem prior to such sale pursuant to Wis. Stat. § 846.103, Borrower, and all non-record claimants given notice of the foreclosure, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Real Property; and

(e) that if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the Real Property.

(iii) An order granting possession to the purchaser at a foreclosure sale; and

(iv) Such other and further relief as the Court deems just and reasonable.

## **COUNT II: FORECLOSURE OF LIENS AND SECURITY INTERESTS**

37. Plaintiff realleges paragraphs 1 through 27 above as though fully set forth and incorporated herein as this paragraph 37.

38. As additional security for the payment and performance of Borrower's obligations under the Loan, Borrower granted Original Mortgagee security interests in certain personal property (the "Personal Property"). *See* Exhibit A ¶ (b), Personalty Rider.

39. The liens and security interest in the Personal Property granted to Original Mortgagee were assigned to Trustee pursuant to the First Allonge and the First Assignment of Mortgage.

40. The liens and security interest in the Personal Property granted to Trustee were assigned to Plaintiff pursuant to the Second Allonge and the Second Assignment of Mortgage.

41. Plaintiff is thus empowered to exercise all rights and remedies, including foreclosure, granted to it under the Note, the Mortgage, and the law of the State of Wisconsin.

42. The liens and security interests in the Personal Property held by Plaintiff are prior and superior to the right, title, interest, claim or lien of all parties whose interests in the Personal Property are sought to be terminated.

43. Because an Event of Default has occurred under the Loan Documents, Plaintiff is entitled to foreclose on the liens and security interests in the Personal Property and Plaintiff seeks to foreclose on the Personal Property and any and all other collateral which is not foreclosed upon pursuant to Count I of this Complaint.

44. Plaintiff has been compelled to employ and retain attorneys to prepare and file the Complaint and to represent and advise Plaintiff in connection with the foreclosure of the liens and security interests in the Personal Property and Plaintiff will thereby become liable for the usual, reasonable and customary fees of the attorneys in that behalf.

45. Plaintiff has been compelled to advance or will be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with this foreclosure, including, without limiting the generality of the foregoing, filing fees,

38935-0269/LEGAL21393755.3       9
Case 2:11-cv-01042-JPS   Filed 11/14/11   Page 9 of 11   Document 1

stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, foreclosure minutes and a title insurance policy.

46. The Mortgage and other Loan Documents provide for payment of attorneys' fees, costs and expenses, as well as interest on its attorneys' fees, costs and expenses paid or incurred by Plaintiff in the event of a default and such default has occurred.  *See* Exhibit A ¶ 2; Exhibit B ¶ 10; Exhibit C § 5.1(c).

> WHEREFORE, Plaintiff requests:

(i) A judgment of foreclosure and sale of the Personal Property, including the following provisions:

> (a) a declaration that Plaintiff's interest in the Personal Property to be foreclosed is superior to all other interests claimed in the Personal Property;

> (b) an award of the amounts due and owing by Borrower to Plaintiff, including attorneys' fees, costs and expenses, as well as interest on its attorneys' fees, costs and expenses paid or incurred by Plaintiff;

> (c) that the Personal Property be sold in accordance with § 409.604(1) of the Wisconsin Uniform Commercial Code;

> (d) that the sale of Personal Property be conducted jointly with the foreclosure sale of the Real Property subject to the Mortgage, as directed by the Court, to satisfy the amount due to Plaintiff as set forth in the judgment, together with interest thereon at the statutory judgment rate from the date of the judgment;

> (e) that in the event Plaintiff is the purchaser of the Personal Property at such sale, Plaintiff or its designee may offset against the purchase price of such Personal Property the amounts due under the judgment of foreclosure and order confirming the sale;

(ii) An order granting possession of the Personal Property to the purchaser at a foreclosure sale;

(iii) An order determining every right, title or interest of every sort, including but not limited to those arising from every sort of lease or lien which is or may be claimed by any of the defendants herein, or any other person or entity with an interest subordinate to the interest of Plaintiff in the Personal Property; and

(iv) Such other and further relief as the Court deems just and proper, including, but not limited to, declaratory and injunctive relief.

Dated: November 14, 2011

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the registered holders of Banc of America Commercial Mortgage Inc., Commercial Mortgage Pass-Through Certificates, Series 2002-2

By: s/ Bates M. Larson
      One of its Attorneys

Bates McIntyre Larson (#6272698)
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel.: (312) 324-8400
Fax: (312) 324-9400
Email: blarson@perkinscoie.com